IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAIMLER VANS USA LLC,

    Plaintiff and
    Counterclaim Defendant,

v.

RIVER STATES TRUCK AND TRAILER, INC.,

    Defendant and
    Counterclaim Plaintiff.

ORDER

22-cv-403-jdp

---

On December 8, 2020, River States Truck and Trailer, Inc. Filed a lawsuit against Daimler Vans USA LLC and Mercedes-Benz USA because defendants had canceled River States' Freightliner dealership. *See* Case No. 20-cv-1089-jdp, dkt. 2. On February 18. 2022, both sides filed motions for summary judgment, *see* dkts 54 and 60. Briefing was completed as of late March 2022. On May, 2022, Daimler Vans moved for leave to file a counterclaim seeking declaratory judgment that its March 28, 2022 $400,000 offer to River States was sufficient compensation for withdrawing the Freightliner line-make. *See* dkts. 112 & 112-1. In a May 23, 2022 order, Judge Peterson declined to allow Daimler Van's counterclaim because it was too late; in the same order, he granted the motion for summary judgment filed Daimler Vans and Mercedes-Benz, while denying River States' summary judgment motion. *See* dk. 118.

On July 22, 2022, Daimler Vans filed renewed its request for declaratory judgment in the instant lawsuit, tightening it up to account for Judge Peterson's summary judgment rulings in the first lawsuit. *Compare* dkt. 1 in this lawsuit *with* dkt. 112-1 in 20-cv-1089. Discovery disputes followed. Now before the court is Daimler Vans' motion for a protective order from

River States' discovery demands (dkt. 21), counterpoised by River States' motion to compel Daimler Vans to respond to its discovery demands (dkt. 32).

Having read the parties' dueling submissions, I will cut to the chase: Daimler Vans is right, River States is wrong. It seems that River States has yet to accept the court's ruling that "Daimler Vans franchised River States to sell Frieghtliner Sprinters, which are part of a separate line-make than the Mercedes-Benz Sprinters distributed by Mercedes." Case No., 20-cv-1089, May 23, 2022 Order, dkt. 118, at 20.

In this case, the relevant information concerning the fair market value and pecuniary loss of River States' franchises would be River States' own records and those of other Freightliner Sprinter dealerships, which Mercedes obviously does not have. Nothing about a Mercedes Benz Commercial Vehicle Franchise is relevant to the instant lawsuit: it would be an apples-to-oranges comparison on every level. River States' insistence to the contrary evinces an almost vindictive, scorched-earth response to its loss in the previous lawsuit. In *this* case, all discovery from or about MUSA, MBCV and the Mercedes-Benz Sprinter is off-limits to River States.

Further, to the extent that the parties agree that certain types of information are relevant but disagree as to the temporal scope, Daimler Vans is correct that the relevant dates are the August 17, 2020 line-make termination date and the February 28, 2022 termination date of River States' last dealer agreement with Daimler Vans. Evidence after the later date is not relevant and therefore not discoverable.

Next, River States recently raised a legitimate concern about the imminent expert disclosures deadlines. *See* April 10, 2023 letter, dkt. 42. In light of this court having completely shut down River States' disputed discovery, maybe this isn't much of a concern anymore. Even

so, the court will extend the expert disclosure deadlines slightly, while leaving the August 18, 2023 dispositive motion filing deadline in place.

Finally, although Daimler Vans did not request cost-shifting in its motion for protection, after River States requested expenses in *its* motion, Daimler Vans responded by making its own request. If neither side had requested Rule 37(a) cost-shifting, then the court would not have done so *sua sponte*. Now that River States has opened that door, it will have to walk through it.

# ORDER

It is ORDERED that:

(1) Plaintiff's motion for a protective order, dkt. 21, is GRANTED;

(2) Defendant's motion to compel discovery, dkt. 32, is DENIED;

(3) Defendant's request for scheduling relief, dkt. 42, is GRANTED IN PART: proponents must disclose their experts not later than June 2, 2023, while respondents must disclose their experts not later than June 30, 2023.

(4) Not later than April 21, 2023, plaintiff may submit its itemized bill of reasonable expenses incurred in this round of motions practice, with defendant's response due by May 1, 2023.

Entered this 12th day of April, 2023.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge