IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAIMLER VANS USA LLC,

    Plaintiff and Counterclaim Defendant,

v.

RIVER STATES TRUCK AND TRAILER, INC.,

    Defendant and Counterclaim Plaintiff.

ORDER

22-cv-403-jdp

---

### MBUSA's Motion To Quash the Rule 45 Subpoena

On April 12, 2023, this court ruled in plaintiff's favor on the pending discovery disputes and allowed cost-shifting in plaintiff's favor. Dkt. 43. As Daimler Vans points out in its April 21, 2023 itemized bill, (dkt. 45) the court overlooked the motion by non-party Mercedes-Benz USA, LLC to quash the Rule 45 subpoena served on it by defendant River States. *See* dkt. 18. To clean up the record, that motion is GRANTED for the reasons stated in the court's April 12, 2023 order. As MBUSA observes in its motion, despite Judge Peterson's order in the prior Action,

> River States now seeks broad, burdensome discovery from MBUSA as though Judge Peterson's order does not exist. But Judge Peterson's order does exist, and it renders discovery about MBUSA completely irrelevant to the discrete issue in the present action.

> Dkt. 19 at 1.

### Cost-Shifting on these Discovery Disputes

In Daimler Vans' itemized bill in support of cost-shifting, it has included the costs incurred by MBUSA in its motion to quash, contending that these costs are part of the package

because "all of the fees included in the itemization were incurred as a direct result of River States' discovery requests and the corresponding briefing." Dkt. 45 at 2. The total amount requested is $32,220.75, which does not include the time spent preparing the request. *Id.* at 3. Daimler Vans' bill shows that six attorneys spent about 72 hours on these discovery disputes, four of them billing at $475/hr., one billing at $395/hr., and one billing at $305/hr.

In its opposition (dkt. 48), River States explains why it was seeking the contested discovery from Daimler Vans and from MBUSA, and it points out–correctly–that the court did not directly rule on MBUSA's motion to quash River States' Rule 45 subpoena. Invoking Rule 45(d)(1)–which is a sanction rule, not a cost-shifting rule like 37(a)(5)–River States contends that it did not act carelessly or proceed in bad faith when issuing its discovery requests to MBUSA. Dkt. 48 at 5.

I disagree. As the court stated in its April 12, 2023 order, River States' approach to discovery this the instant case evinced its failure to accept Judge Peterson's May 23, 2022 ruling in Case No. 20-cv-1089; River States' discovery requests amounted to "an almost vindictive, scorched-earth response to its loss in the previous lawsuit." Dkt. 43 at 2. For Rule 45 purposes, River States' attempt to seek broad discovery from MBUSA in the instant lawsuit qualifies as bad faith; at the very least, it qualifies as reckless, which surpasses carelessness on the *mens rea* spectrum. It follows then, that River States' pursuit of the disallowed discovery from Daimler Vans was not substantially justified, and I am aware of no circumstance that would make an award of expenses unjust. *See* Rule 37(a)(5)(A) & (B).

Having reviewed the itemized bill submitted by the attorneys for Daimler Vans and MBUSA, I find that the hourly rates charged by the attorneys were reasonable. That said, the

court is cutting the bill to $27,000 to reflect its view that four different full-priced attorneys didn't need to pick up this file: the lower-priced associates were capable of doing more work than was assigned to them.

## ORDER

It is ORDERED that:

(1)  Third-party MBUSA's motion to quash defendant's Rule 45 subpoena, dkt. 18, is GRANTED; and

(2)  Plaintiff Daimler Van's request for its discovery costs, dkt. 45, is GRANTED IN PART: not later than August 30, 2023, defendant River States and its attorneys are jointly and severally liable to pay $27,000 to counsel for plaintiff.

Entered this 31st of July, 2023.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge